IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 13 Proceedings** |
| **Daryl Allen Swanger,** | : | **Case No.: 21-60643** |
| **Debtor.** | : | **Judge Russ Kendig** |

**TRUSTEE'S OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN DATED SEPTEMBER 29, 2021**

Now comes Dynele L. Schinker-Kuharich, Standing Chapter 13 Trustee, for the above captioned case and objects to Confirmation of the proposed Plan of the Debtor(s) on the following grounds.

**Chapter 7 Value**

The proposed Plan is in violation of 11 U.S.C. §1325(a)(4), which requires that the value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor(s) were liquidated under chapter 7 of this title on such date. Specifically, Trustee believes there is non-exempt equity in 2020 Income Tax Refunds in the amount of $2,311.00, and the proposed Plan is not paying at least an equivalent amount to the unsecured claims.

**Disposable Income**

11 U.S.C. §1325(a)(1) requires that the plan comply with the provisions of Chapter 13 and with the other applicable provisions of Title 11. 11 U.S.C. §1322(a)(1) provides for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan. It is Trustee's position that the proposed Plan fails to comply with 11 U.S.C. §1322(a)(1) because

Debtor receives large tax refunds as a result of overwithholding. Additionally, it is the Trustee's position that the Plan payment should increase when the 401k loan repayment ends in March 2025.

In addition, 11 U.S.C. §1325(b)(1)(B) requires that the plan provide that all of the projected disposable income to be received by debtor(s) in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan. It is Trustee's position that the proposed Plan does not provide for all projected disposable income to be applied to make payments to unsecured creditors. Specifically, the unsecured creditors are not receiving an amount that is equivalent to the applicable commitment period multiplied by the current monthly income of Debtor(s) less amounts *reasonably necessary* to be expended for the maintenance and support of Debtor(s) or for the maintenance and support of a dependent of Debtor(s), or for a Domestic Support Obligation that became due after this case was filed, or for charitable contributions not in excess of 15% of the gross income of Debtor(s). See 11 U.S.C. §1325(b)(2).

Finally, 11 U.S.C. §1325(a)(3) requires that the plan has been proposed in good faith and not by any means forbidden by law. It is Trustee's position that the proposed Plan was not proposed in good faith, as it failed to account for all appropriate disposable income. Specifically, Debtor receives large tax refunds as a result of overwithholding. Additionally, it is the Trustee's position that the Plan payment should increase when the 401k loan repayment ends in March 2025.

**Other**

> Debtor indicated he was getting married in July 2021. Schedule I and J need amended to reflect current household income and expenses.

Wherefore, for the foregoing reasons, Trustee prays that Confirmation of the Chapter 13 Plan be denied.

Respectfully submitted,

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2021, a true and correct copy of the Objection to Confirmation of Chapter 13 Plan was served via the Court's Electronic Case Filing System upon these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Office of the United States Trustee at [RegisteredEmailAddress]@usdoj.gov
- Office of the Chapter 13 Trustee, at dlsk@Chapter13Canton.com
- Deborah L. Mack, Counsel for Daryl Allen Swanger, at Debbie@ohiofinancial.lawyer

and by regular U.S. Mail, postage prepaid, upon:

Daryl Allen Swanger, Debtor
1358 Steeplechase Dr.
Mansfield, OH 44906

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee