The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 04:49 PM November 16, 2021

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 Proceedings |
| Daryl Allen Swanger, | : | Case No.: 21-60643 |
| Debtor. | : | Judge Russ Kendig |

## ORDER CONFIRMING PLAN

The Chapter 13 Second Amended Plan in this case filed as attached came on for Confirmation at a hearing before the Court. Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by Debtor (or Debtors in a joint case) (the "Debtor"), Debtor's Counsel, any Objections or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.
2. The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed in all respects not contrary to prior or subsequent orders of the Court.
2. The Debtor shall not incur additional debt exceeding $500.00 in the aggregate without notice to the Trustee and the approval of the Court.
3. The Debtor shall not transfer any interest in real property without the Court's approval.

4. All property of the estate scheduled in accordance with Bankruptcy Rule 1007(h), vest in the debtor(s) pursuant to 11 USC Section 1327(b). All property of the estate that is not properly scheduled or any property that is acquired subsequent to the filing of the petition does not vest to the debtor(s) and remains property of the estate unless Court ordered.

5. The Attorney for the Debtor is allowed a total fee of **$2,650.00** of which **$600.00** has been paid. The balance will be paid pursuant to the Court's administrative order regarding Attorney fees.

6. Interest shall be paid to non-governmental creditors with a valid security interest in personal property belonging to Debtor(s) at the Presumptive Interest Rate calculated in accordance with Administrative Order No. 17-2, or at the rate as indicated in a validly filed proof of claim, whichever is less. This section shall not apply to any creditor who has obtained a separate Order from this Court regarding the applicable interest rate on its claim.

###

**Approved By:**

/s/ Dynele L. Schinker-Kuharich
Dynele L. Schinker-Kuharich
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Deborah L. Mack, Counsel for Daryl Allen Swanger, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Daryl Allen Swanger, Debtor, via regular mail at:
1358 Steeplechase Dr.
Mansfield, OH 44906

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | Daryl Allen Swanger | |
| | First Name  Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name  Middle Name | Last Name |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF OHIO | |
| Case number: (If known) | 21-60643 | |

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113
# Chapter 13 Plan

12/17

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

$1200 per Month for 58 months
$1424.65 per Month for 2 months

See Docket No. 53
Order dated 9-29-2021

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.
☑ Other (specify method of payment):
  Wage Withholding Order

APPENDIX D  Chapter 13 Plan  Page 1
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

21-60643-rk  Doc 53  FILED 09/29/21  ENTERED 09/29/21 11:20:27  Page 1 of 6
21-60643-jpg  Doc 63  FILED 11/16/21  ENTERED 11/17/21 07:23:15  Page 4 of 13

**2.3 Income tax refunds.**
*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

See Docket No. 58
Order dated 11-5-2021

■ Debtor(s) will treat income refunds as follows:
```
Debtors will supply the trustee with a copy of each income tax return filed during the
plan term within 14 days of filing the return and will turn over to the trustee all
income tax refunds received during the plan term -- if and only if the tax refunds for
that year are over $2000.
```

**2.4 Additional payments.**
*Check one.*

■ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5   The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $72,449.30.

## Part 3:   Treatment of Secured Claims

3.1   Maintenance of payments and cure of default, if any.

*Check one.*
■ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

3.2   Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

☐ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
   *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |

Official Form 113                              Chapter 13 Plan                                  Page 2
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

21-60643-rk   Doc 53   FILED 09/29/21   ENTERED 09/29/21 11:20:27   Page 2 of 6
21-60643-jpg   Doc 63   FILED 11/16/21   ENTERED 11/17/21 07:23:15   Page 5 of 13

| Debtor | Daryl Allen Swanger | | | | Case number | 21-60643 | | |
|---|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| 21st Mortgage | $20,111.83 | 1358 Steeplechase Dr Mansfield, OH 44906 Richland County Debtor's residence PPN #02707Q0591 | $10,000.00 | $0.00 | $10,000.00 | 5.25% | $260.86 | $10,956.06 |
| ADS/Comenity/Kay | $3,630.00 | Wedding bands | $800.00 | $0.00 | $800.00 | 5.25% | $20.87 | $876.46 |
| Cornwell Quality Tools | $1,763.00 | Diesel mechanic used tools Tools liened by Cornell are $500 | $2,550.00 | $0.00 | $500.00 | 5.25% | $13.04 | $547.83 |

See Docket No. 55
Order dated 9-29-2021

*Insert additional claims as needed.*

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

■ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Huntington National Bank | 2019 Toyota Camry 73,567 miles KBB Private Party Value | $27,640.00 | 5.25% | $721.01 Disbursed by: ■ Trustee ☐ Debtor(s) | $30,282.54 |

*Insert additional claims as needed.*

**3.4** **Lien avoidance.**

*Check one.*

■ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

Official Form 113     Chapter 13 Plan     Page 3
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

21-60643-rk   Doc 53   FILED 09/29/21   ENTERED 09/29/21 11:20:27   Page 3 of 6
21-60643-jpg   Doc 63   FILED 11/16/21   ENTERED 11/17/21 07:23:15   Page 6 of 13

**3.5 Surrender of collateral.**

*Check one.*
- ☒ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be <u>10.00</u>% of plan payments; and during the plan term, they are estimated to total $<u>7,244.94</u>.

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $<u>2,050.00</u>.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ☒ **None.** If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ☐ The sum of $_____.
- ☐ _____% of the total amount of these claims, an estimated payment of $_____.
- ☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

*See Docket No. 58*
*Order dated 11-4-2021*

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $<u>  0.00  </u>. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*
- ☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*
- ☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

Official Form 113                                Chapter 13 Plan                                Page 4
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

21-60643-rk   Doc 53   FILED 09/29/21   ENTERED 09/29/21 11:20:27   Page 4 of 6
21-60643-jpg  Doc 63   FILED 11/16/21   ENTERED 11/17/21 07:23:15   Page 7 of 13

| Debtor | Daryl Allen Swanger | Case number | 21-60643 |
|---|---|---|---|

■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon
*Check the appliable box:*
■ plan confirmation.
☐ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
■ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X /s/ Daryl Allen Swanger
Daryl Allen Swanger
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on September 29, 2021

Executed on _____

X /s/ Deborah L Mack
Deborah L Mack
Signature of Attorney for Debtor(s)

Date September 29, 2021

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

Official Form 113 — Chapter 13 Plan — Page 5
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

21-60643-rk    Doc 53    FILED 09/29/21    ENTERED 09/29/21 11:20:27    Page 5 of 6
21-60643-jpg    Doc 63    FILED 11/16/21    ENTERED 11/17/21 07:23:15    Page 8 of 13

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $0.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $12,380.35 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $30,282.54 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $9,632.94 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $20,153.47 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |
| | **Total of lines a through j** | $72,449.30 |

Official Form 113      Chapter 13 Plan      Page 6
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

21-60643-rk   Doc 53   FILED 09/29/21   ENTERED 09/29/21 11:20:27   Page 6 of 6
21-60643-jpg   Doc 63   FILED 11/16/21   ENTERED 11/17/21 07:23:15   Page 9 of 13

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION – CANTON

| IN RE: | : Case No. 21-60643 |
|---|---|
| Daryl A. Swanger | : SSN: xxx-xx-1430 |
| | : Chapter 13 |
| Debtor. | : Judge Russ Kendig |

### STIPULATION OF INTEREST RATE AND VALUE OF SECURED COLLATERAL

By agreement of the undersigned parties, the value of Fifteen Thousand Seven Hundred Twenty-Six Dollars and 19/100 ($15,726.19) is placed on the collateral, a 2001 Happy House, Manufactured Home, Serial No. MY01116447K. The secured creditor to this collateral is 21st Mortgage Corporation. The interest rate to be paid on the secured portion of 21st Mortgage Corporation's claim is 6.00 percent (6.00%). Upon the filing of this Stipulation 21st Mortgage Corporation's Objection to Confirmation is hereby withdrawn.

/s/A. Michelle Jackson Limas
Dynele L. Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

/s/Deborah L. Mack (Per faxed consent)
Deborah L. Mack, Esq.
53 E. Main St.
Lexington, Ohio 44904
debbie@ohiofinancial.lawyer
Counsel for Debtor

/s/ David J. Demers
DAVID J. DEMERS (0055423)
Cooke Demers, LLC
260 Market Street, Suite F
New Albany, Ohio 43054-0430
(614)939.0930
(614)939.0987 facsimile
ddemers@cdgattorneys.com
Attorney for 21st Mortgage Corporation

COPIES TO:
Dynele l Schinker-Kuharich, Trustee
Deborah L. Mack, Esq.
David J. Demers, Esq.
Daryl A. Swanger

The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.



Russ Kendig
United States Bankruptcy Judge

Dated: 01:43 PM November 4, 2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 Proceedings |
| Daryl Allen Swanger, | : | Case No.: 21-60643 |
| Debtor. | : | Judge Russ Kendig |

**AGREED ORDER SETTLING TRUSTEE'S OBJECTION
TO CONFIRMATION OF PLAN**

This matter is before the Court on Trustee's Objection to Confirmation of the Chapter 13 Plan. The parties have agreed to the following:

1. The Plan payment shall increase to $1,425.00 per month beginning in March 2025 when the 401k loan repayment ends.

2. The Chapter 7 value in the 2020 Income Tax Refunds shall be $2,311.00.

3. Debtor agrees to turn over all income tax refunds received during the Plan, except that Debtor may annually keep $1,500.00 or the sum of any Earned Income Credit and Additional Child Tax Credit, whichever is greater.

4. The delinquency, if any, is hereby suspended as of the date of this order.

**THEREFORE, IT IS THE ORDER OF THIS COURT** that the Plan of the Debtor(s) is amended as stated above.

###

**Approved By:**


/s/ Deborah L. Mack
Deborah L. Mack (0067347)
Counsel for Daryl Allen Swanger
53 East Main Street
Lexington, OH 44904
Telephone: 419.524.4683
Email: Debbie@ohiofinancial.lawyer


**Submitted By:**


/s/ A. Michelle Jackson Limas
Dynele L. Schinker-Kuharich (0069389)
Chapter 13 Trustee
A. Michelle Jackson Limas (0074750)
Staff Counsel to the Chapter 13 Trustee
200 Market Avenue North, Ste. 30
Canton, OH 44702
Telephone: 330.455.2222
Facsimile: 330.754.6133
Email: DLSK@Chapter13Canton.com

**NOTICES TO:**

Office of the United States Trustee, via the Court's Electronic Case Filing System at [RegisteredEmailAddress]@usdoj.gov

Office of the Chapter 13 Trustee, via the Court's Electronic Case Filing System at dlsk@Chapter13Canton.com

Deborah L. Mack, Counsel for Daryl Allen Swanger, via the Court's Electronic Case Filing System at Debbie@ohiofinancial.lawyer

Daryl Allen Swanger, Debtor, via regular mail at:
1358 Steeplechase Dr.
Mansfield, OH 44906